# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Donivan Jay Weis, | Case No. 18-2534 (PJS/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Nicholas Otterson, | |
| Defendant. | |

This matter comes before the Court upon the Report and Recommendation dated January 14, 2019, in which this Court recommended that this matter be dismissed without prejudice based on Plaintiff Donivan Jay Weis's failure to pay the required $19.91 initial partial filing fee. Doc. No. 19. After that recommendation's entry, Weis made the needed payment. Receipt, Doc. No. 21. Given that payment, the Report and Recommendation at Doc. No. 19 is hereby VACATED.

This leaves four filings by Weis for the Court to address. The first two are Weis's August 2018 application to proceed *in forma pauperis* (IFP) and a December 2018 letter from Weis that the Court construes as a motion to proceed IFP. *See* Appl. to Proceed in Dist. Ct. Without Prepaying Fees of Costs, Doc. No. 2; Letter from Donivan Jay Weis to Court, Doc. No. 15. Based on a review of Weis's filings, and his payment of the initial partial filing fee, the Court GRANTS Weis's first application (Doc. No. 2) and DENIES as moot the second (Doc. No. 15).

The other two documents each add factual content to Weis's complaint. Doc. Nos. 3, 20. The Court construes these documents as presenting motions to amend Weis's complaint—specifically, to add the new material. As such, the Court grants both motions. With respect to the contents of the Individual-Capacity Motion, Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure lets a party "amend its pleading once as a matter of course" within 21 days after serving it. The complaint has yet to be served here, so Weis is well within that timeframe. As for the Supplemental Statement, Rule 15(a)(2) provides that other than an amendment under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave," but that a "court should freely give leave when justice so requires." Here the Court sees no reason not to grant Weis leave to add the material from the Supplemental Statement to his complaint.

In the Court's view, efficient handling of this case will best proceed if all of Weis's allegations regarding his interactions with Otterson are in one filing rather than three. As a result, the Court orders Weis to submit an amended complaint that presents—in one document—all of his allegations and claims regarding Otterson. The amended complaint should comply with the Federal Rules of Civil Procedure and this District's Local Rules in all relevant respects. The amended complaint must be submitted by no later than 21 days after the date of this order, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This Court's Report and Recommendation dated January 14, 2019 (Doc. No. 19) is hereby **VACATED**.

2. Weis's application to proceed *in forma pauperis* (Doc. No. 2) is GRANTED; his later motion to proceed *in forma pauperis* (Doc. No. 15) is **DENIED** as moot.

3. Construed as motions seeking to amend the complaint, Weis's filings at Doc. Nos. 3 and 20 are **GRANTED**. Weis will have 21 days from the date of this order to file an amended complaint combining the allegations and claims from these two documents and his original complaint. If Weis fails to submit the amended complaint by this deadline, it will be recommended that this matter be dismissed without prejudice for failure to prosecute.

Dated: January 24, 2019                *s/ Becky R. Thorson*
                                                          BECKY R. THORSON
                                                          United States Magistrate Judge